IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHIL DEGGINGER et al.  :  CIVIL ACTION
:
:
Plaintiffs,  :  NO. 11-6600
:
v.  :
:
JOHN WILEY & SONS, INC. and  :
JOHN DOE PRINTERS 1-10,  :
:
Defendants.  :

AND NOW, this 4th day of September 2014, upon consideration of Plaintiff Phil Degginger's Motion for Partial Summary Judgment (Dkt. No. 77), Defendant John C. Wiley & Sons, Inc's Motion for Partial Summary Judgment (Dkt. No. 76) and the responses thereto, it is hereby ORDERED that said Motions are DENIED.[1] This matter remains referred to Magistrate

---

[1] Plaintiff Phil Degginger is a professional photographer who licenses his copyrighted photographs through non-party stock photography agencies to textbook publishers, such as Defendant John Wiley & Sons, Inc. Pl.'s SUF ¶¶1-6; Def.'s Resp. SUF ¶¶ 1-6. In the instant matter, the parties do not dispute that licenses initially granted to Defendant were limited in scope, and further, that Defendant used the photographs at issue beyond the authorizations set forth in those licenses. Pl.'s SUF ¶¶ 7, 10-12; Def.'s Resp. SUF ¶¶7, 10-12. Notwithstanding this admitted infringement, Defendant maintains that license extension agreements subsequently entered into with Plaintiff's agents provided retroactive permission for its prior use of the photographs and thereby render Plaintiff's claims for copyright infringement moot. Def.'s Mot. Summ. J. 6-7; see Ex. 1-22 to Price Decl. Plaintiff denies this assertion, Pl.'s Resp. Br. Opp'n Def.'s Mot. Summ J., and the parties have filed cross-motions for partial summary judgment.
   The parties disagree as to whether retroactive licenses can effectively extinguish copyright infringement claims. Pl.'s Resp. Br. Opp'n Def.'s Mot. Summ. J. 8-13; Def.'s Reply Br. 2-3. Though jurisprudence on this subject has focused primarily on the issue of retroactive licenses issued by co-owners of copyright in joint works, see *Davis v. Blige*, 505 F.3d 90, 101-08 (2d Cir. 2007), it is clear that a copyright owner (who is the sole owner of copyright in a given work) may without issue enter into a settlement agreement that releases claims of past infringement. *Id.* at 104 ("An owner who wishes to release unilaterally his own accrued claims may do so using whatever language he chooses. . . ."); see *Ambrose v. Krause*, 354 Fed. App'x 711, 713-15 (3d Cir. 2009) (recognizing that settlement agreement unambiguously barred copyright holder from obtaining any judgment against defendant). In the instant matter, Defendant maintains that agreements entered into with Plaintiff's licensing agents – acting on Plaintiff's behalf – did just that, Def.'s Br. Supp. Mot. Summ. J. 10. Plaintiff, however, argues that the companies with whom Defendant allegedly "settled" had no such authority to release claims presently in litigation. Pl.'s Resp. Br. Opp'n Def.'s Mot. Summ. J. 13-16.

Judge Lynne A. Sitarski for settlement purposes. The Court urges the parties to schedule a settlement conference at their earliest convenience.

BY THE COURT:

/s/ C. Darnell Jones, II
_____
C. Darnell Jones, II    J.

---

At discovery, Defendant produced contracts ("the agency contracts") entered into between Plaintiff and the respective licensing agents Photo Researchers, Inc. and Photoshot Holdings Limited ("the licensing agents"). Doc. No. 77-3, 10-25, Ex. 4 to Beall Decl. The dispositive issue relates to whether the licensing agents, when allegedly releasing the claims at issue, acted within the scope of authority granted to them by Plaintiff. *See* RESTATEMENT (THIRD) OF THE LAW – AGENCY §2.01 (2006). As resolution to this question ultimately hinges upon interpretation of the agency contracts entered into between Plaintiff and the licensing agents. "[S]ummary judgment is appropriate only where the contractual language is unambiguous – i.e., subject to only one reasonable interpretation." *Mylan Inc. v. SmithKline Beecham Corp.*, 722 F.3d 413, 418 (3d Cir. 2013) (internal citations omitted). "If the nonmoving party presents a reasonable alternative reading of the contract, then a question of fact as to the meaning of the contract exists which can only be resolved at trial." *Newport Assocs. Dev. Co. v. Travlers Indem. Co.*, 162 F.3d 789, 792 (3d Cir. 1998) (citing *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987). Both parties dispute the language of the contracts, and as a result, there exists an issue of material fact.

Alternatively, Defendant argues that in the absence of actual authority, Plaintiff's conduct, both prior to and during litigation, created apparent authority for the licensing agents to enter into agreements of this nature. Def.'s Reply Br. 5-7. "Apparent authority is power to bind a principal which the principal has not actually granted but which he leads persons with whom his agent deals to believe that he has granted." *Azur v. Chase Bank, USA, Nat. Ass'n*, 601 F.3d 212, 221 (3d Cir. 2010) (internal quotations omitted). Nevertheless, "[q]uestions of apparent authority are questions of fact and are therefore for the jury to determine." *Gizzi v. Texaco, Inc.*, 437 F.2d 308, 310. In light of the foregoing, issues of material fact exist that preclude summary judgment for either party.